### POWERS v. LILLIE.

Two judgments rendered on suits of a like kind, and depending on similar principles, may be joined in the same writ of error.

ERROR from the Court of Common Pleas, on two separate judgments. Anne Lillie, being executrix of Theophilus Lillie, deceased, brought two several actions to the Court of Common Pleas, against Powers, on promissory notes given to the deceased. Powers filed his motion, stating, that early in the year 1775, at the commencement of hostilities between the king of Great Britain and the United States, the said Theophilus joined the British troops, and remained with them until the time of his death: That in May, 1775, the said Powers procured a sufficient sum of money to discharge said notes, and repaired to the town of Boston for that purpose, but could not gain access to said Lillie: That he returned, and kept the money by him, till April, 1776, when he again went to Boston, and was informed, that Lillie had embarked with the British forces, at the evacuation of the town, and had left no agent or attorney to whom the money could be paid or tendered. Therefore moved the court equitably to consider and determine the case, according to the statute in such case provided.

By which statute it is enacted — " That in every suit or prosecution that shall or may be commenced by any person or persons that have gone to, or remained with the enemy,

against any person or persons who have remained without the power of the enemy, it shall and may be lawful for the court in which such suit shall be commenced or prosecuted, and said court is hereby authorized, on motion of the defendant, or his attorney, to try and determine said cause or matter in controversy, according to the rules of equity, or appoint three referees, at the option of court, to try the matters in controversy; and the defendant shall, and hereby is allowed, to plead before such court, or referees, any special matter, relative either to principal or interest.    And if it shall appear to said court or referees, that the special matter alleged and proved by the defendant, is of such a nature, that in equity and good conscience, abatement either from the principal or interest of any sum or sums, due by such defendant or defendants, ought to be made:    That on report of the referees, or finding of the court, such court is authorized and empowered, as a Court of Chancery, to make such order and decree thereon, as in justice and equity such court shall find equitable, both in relation to debt and costs of suit."

The Court of Common Pleas went into an inquiry, agreeably to the statute,— Two witnesses testified to the facts stated in the motion, whose depositions were stated at large in the writ of error; and the court rendered judgment for the principal sum only, contained in the notes.

The errors complained of, were, that the Court of Common Pleas adjudged they were not authorized and warranted by the statute law relied on, to make any larger deduction from the plaintiff's demand than the interest of the debt; whereas, by virtue of the statute, said court was enabled to deduct not only interest, but principal, according to the equity of the case.

Mr. Coit and Mr. Spalding, for the defendant in error, pleaded in abatement, that the writ being brought on two several and independent judgments, having no connection with each other, was not sustainable.

They contended — that but one judgment can be considered in one writ of error: — This principle is fairly inferred from the general doctrine on the subject, that a judgment cannot be reversed in part only. The separate judgments may admit of separate defenses, which would create confusion, were they to be brought up and considered in one writ.

In support of the writ, it was said, by Mr. Babcock and Mr. Brainard — That it had been adjudged by this court, that two promissory notes might be joined in one suit, where they were so similar as not to change the nature of the action: Therefore, two judgments may be joined in the same writ of error, they being rendered on similar suits, and founded on the same principles. In the present case, the same process would have been used, to bring the validity of each judgment in question.

The court established the writ; and *in nullo est erratum* being then pleaded, the judgments of the Court of Common Pleas were affirmed.

By the COURT. No error appears from the face of the proceedings. The Court of Common Pleas were authorized by the statute, in case it appeared to them that the plaintiff in the actions had resided within the enemy's lines in the course of the late war, to take up the notes in equity, and make such defalcations from the interest or principal as the circumstance of the case, in their judgment, should require: And it appears by computation, that they did make a defalcation to the amount of the interest; and it doth not appear,

that the circumstances of the case required a further defalca-
tion in equity to be made; for it doth not appear what the
particular circumstances were.    The stating there made by
the defendant in his plea was denied by the plaintiff; and
this court cannot go out of the proceedings to inquire after
facts; nor doth a recital of certain depositions, said to have
been read in the case, enable this court to determine how
the facts and circumstances were, upon the whole evidence.

Note.— Chief Justice Law excused himself from judging
in this case, one of the parties being his tenant.